Opinion PER CURIAM.

---

# Bienville Water Supply Co. *v.* The City of Mobile.

APPEAL from Mobile Chancery Court.
Heard before the Hon. WILLIAM H. TAYLOE.

BESTOR & GRAY, for appellant.

B. B. BOONE, for appellee.

The bill in this cause was filed by the appellee, the city of Mobile, on May 26th, 1894, against the Bienville Water Supply Company, and sought to restrain the said company from shutting off or lowering the pressure upon its water mains which supplied water to the city of Mobile for fire and municipal purposes. The appellant demurred to the bill, the demurrer was overruled

by the chancellor, and the case was brought to this court by the Bienville Water Company to revise the decree of the chancellor, overruling its demurrers. This court, in an opinion by Chief Justice BRICKELL, affirmed the ruling of the chancellor as appears from the report of the cause in 112 Ala. 260. Thereafter the litigation was continued and the cause came up for final hearing at the April Term, 1897, and was submitted upon the bill, answer and proof taken in the cause, resulting in a decree being entered in favor of the appellee, on June 23, 1897. Said decree provided "that the defendant, the Bienville Water Supply Company, is hereby restrained and strictly enjoined from cutting off the water supply furnished by it to the city of Mobile for fire and municipal purposes and further from reducing the pressure upon its water mains below the pressure necessary and proper to furnish a sufficient supply of water for fire and municipal purposes for the city of Mobile." From this decree the present appeal is prosecuted.

After a careful consideration of the evidence in the case this court concurs in the conclusion reached by the chancellor, that the Bienville Water Supply Company intended at the time this bill was filed and the injunction issued and served, to violate the duty it was under to supply water to the city of Mobile for the extinguishment of fires and for other municipal purposes in sufficient quantities and under sufficient pressure to subserve those purposes.

The decree of the chancery court enjoining said company from violating its said duty is affirmed.

Opinion by McCLELLAN, C. J.